**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ERIN STERN,

Appellant,

v.

DEPARTMENT OF VETERANS
AFFAIRS,

Agency.

DOCKET NUMBER
NY-1221-19-0193-C-1

DATE: April 20, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Eric Lee Siegel, Esquire and Evan M. Lisull, Esquire, Washington, D.C.,
for the appellant.

Marcus S. Graham, Esquire, Pittsburgh, Pennsylvania, for the agency.

**BEFORE**

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the compliance initial decision, which denied her petition for enforcement.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the compliance initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 　　　In the underlying individual right of action (IRA) appeal, the appellant alleged that the agency took several personnel actions in reprisal for her protected disclosures and activities.  *Stern v. Department of Veterans Affairs*, MSPB Docket No. NY-1221-19-0193-W-1, Initial Appeal File (IAF), Tab 1 at 6.  After holding a hearing, the administrative judge granted the appellant's request for corrective action in part.  IAF, Tab 103, Initial Decision (ID).  Specifically, the administrative judge found although the agency proved by clear and convincing evidence that it would have taken several of the alleged personnel actions in the absence of the appellant's protected disclosures and activities, it failed to meet its burden as to the appellant's proposed removal.  ID at 11-32. However, she did not order any remedial action regarding the proposed removal because the agency had already rescinded the proposal.  ID at 33.  Neither party filed a petition for review of the initial decision on the merits of the appeal, which therefore became the final decision of the Board on May 19, 2020.[2]

---

[2] After the initial decision became final, the appellant filed an appeal with the U.S. Court of Appeals for the Federal Circuit regarding one of her claims.  The court

¶3       On September 15, 2020, the appellant filed a petition for enforcement of the Board's final decision on the merits of her IRA appeal. *Stern v. Department of Veterans Affairs*, MSPB Docket No. NY-1221-19-0193-C-1, Compliance File (CF), Tab 1. In her petition, she sought an order from the Board requiring the agency to confirm that it had imposed discipline in accordance with 38 U.S.C. § 731[3] and to identify the supervisor(s) whom it had disciplined. *Id.* at 5. In response to the appellant's petition for enforcement, the agency argued that the Board had not ordered it to take disciplinary action under section 731. CF, Tab 3. After giving the parties an opportunity to address the relevant legal issues, CF, Tab 6, the administrative judge issued a compliance initial decision dismissing the appellant's petition for enforcement for lack of jurisdiction, CF, Tab 11, Compliance Initial Decision (CID). She determined that the Board could not order the agency to take disciplinary action in a compliance proceeding when the underlying Board order did not require any disciplinary action. *Id.* at 3. She further determined that the Board lacks independent jurisdiction to enforce 38 U.S.C. § 731. CID at 3-4.

¶4       The appellant has filed a timely petition for review of the compliance initial decision. Petition for Review (PFR) File, Tab 1. She requests an order pursuant to 5 U.S.C. § 1221(f)(3) referring the Board's finding of a prohibited personnel practice to the Office of Special Counsel (OSC). *Id.* at 5. She also argues that the administrative judge could have reopened the merits appeal to order corrective action in the form of discipline, and she notes that she included

---

affirmed the Board's decision. *Stern v. Department of Veterans Affairs*, 859 F. App'x 569 (Fed. Cir. 2021).

The appellant also filed motions for damages and attorney fees. *Stern v. Department of Veterans Affairs*, MSPB Docket Nos. NY-1221-19-0193-P-1 & NY-1221-19-0193-A-1. Those motions were addressed in separate addendum initial decisions and are not before the Board in this matter.

[3] In relevant part, 38 U.S.C. § 731 requires the Secretary of Veterans Affairs to carry out adverse actions against supervisory employees whom the Board determines committed certain prohibited personnel practices. 38 U.S.C. § 731(a)(1).

discipline in the corrective action she sought before the administrative judge. *Id.* at 6-7; IAF, Tab 94 at 6-7. The agency has responded in opposition to the petition for review, PFR File, Tab 3, and the appellant has filed a reply, PFR File, Tab 4.

¶5      We agree with the administrative judge that the Board lacks jurisdiction over the appellant's petition for enforcement regarding discipline of supervisory employees. The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The Board has statutory authority to "order any Federal agency or employee to comply with any order or decision issued by the Board . . . and enforce compliance with any such order." 5 U.S.C. § 1204(a)(2). Thus, the Board's enforcement power is limited to actions it has ordered in the underlying appeal. Here, the administrative judge did not order any remedial action for the proposed removal because the agency had already rescinded it. ID at 33. Accordingly, there is no basis for the Board to order any action regarding the discipline of supervisory employees in a proceeding to enforce the decision on the merits in this appeal.

¶6      To the extent the appellant argues that the initial decision should have included an order to take disciplinary action, we disagree. The scope of the corrective action available in an IRA appeal is defined by statute. Specifically, under 5 U.S.C. § 1221, corrective action in an IRA appeal may include status quo ante relief, "back pay and related benefits, medical costs incurred, travel expenses, any other reasonable and foreseeable consequential damages, and compensatory damages." 5 U.S.C. § 1221(g)(1)(A). Attorney fees and costs are also included as part of corrective action in an IRA appeal. 5 U.S.C. § 1221(g)(1)(B).

¶7      The Board has a statutory role in disciplining employees for whistleblower reprisal, but that role is quite limited. If the Board determines, based on evidence presented to it in an IRA appeal, that an employee may have committed a

prohibited personnel practice, it shall refer the matter to OSC to investigate and take appropriate action. 5 U.S.C. § 1221(f)(3).[4] If OSC determines disciplinary action is appropriate, it may present a complaint to the Board. 5 U.S.C. § 1215(a)(1). After adjudicating the complaint, the Board may issue a final order imposing disciplinary action. 5 U.S.C. § 1215(a)(3)(A)(i). Thus, although Congress did authorize the Board to order disciplinary action against employees who commit prohibited personnel practices, it did not authorize discipline as part of the corrective action ordered in an IRA appeal.

¶8    The appellant correctly notes that 38 U.S.C. § 731 requires the Secretary of Veterans Affairs to take disciplinary action against employees whom the Board (among other entities) determines has committed certain prohibited personnel actions. However, the Board has no statutory role in imposing such discipline other than possibly making the underlying determination. 38 U.S.C. § 731(a)(1). We find no support for the proposition that the Board has jurisdiction to enforce section 731.

¶9    Accordingly, we agree with the administrative judge that the Board lacks jurisdiction over the appellant's petition for enforcement and we therefore affirm the compliance initial decision.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[4] As an alternative to an order to the agency regarding discipline, the appellant requests that the Board issue the notice to OSC contemplated under 5 U.S.C. § 1221(f)(3). PFR File, Tab 1 at 5. Such notice is not part of the corrective action available in an IRA appeal and is therefore not properly the subject of a petition for enforcement. However, we note that the Clerk of the Board did provide such notice to OSC by letter dated June 11, 2020. The Clerk is directed to provide a copy of that letter to the appellant when issuing this decision.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. [5 U.S.C. § 7702](b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on

review within **60 days** of the <u>date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:            /s/ for

                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.